Mr. Chief-Justice Watte
delivered the opinion of the court:
The only questions presented in this case relate to the liability of the United States for damages growing out of the suspension of the work under the contract sued upon. In effect, the contract bound Smith to furnish the materials and erect the buildings, the labor being performed by the soldiers at the fort except to the extent that skilled workmen were necessary. There was no time specified within which the work must be done, neither was there any power reserved by the United States to direct its suspension. Under such circumstances the law implies that the work should be done within a reasonable time, and that the United States would not unnecessarily interfere to prevent this.
In Clark’s Case, (6 Wall., 546,) it was decided that the United States were liable for damages resulting from an improper interference with the work of a contractor, and in Smoot’s Case, (15 Wall., 47,) that the principles which govern inquiries as to the conduct of individuals in respect to their contracts are equally applicable where the United States are a party. The same rules were applied in the Amoskeag Company’s Case, (17 Wall., 592.) Here the work was stopped by order of the United States. Smith asked to be released from his contract unless he could go on. This was refused until the expiration of sixty days, when he was allowed to resume. As between individuals, certainly this would be considered an improper interference, and damages would be awarded to the extent of the loss which was the neces *128 sary consequence of the suspension. The United States must answer according to the same rule. In this respect we cannot consider this case different in principle from that of Clark, (6 Wall., 546.)
The Court of Claims has found the amount of the damages to have been five thousand dollars; that is to say, that sum in its opinion, from the evidence before it, was necessary to place Smith in the same condition he would have been in if he had been allowed to proceed without interference, and not allowing anything for loss or injury to his materials, which he might have prevented by the exercise of reasonable care and prudence.
This rule of damages, as an abstract proposition, is clearly right. Unless, therefore, there appears in the record some error growing out of the estimation of the amount, the judgment below should be affirmed.
By our rules in reference to appeals from the Court of Claims, (rule 1, sec. 2,) that court sends here its finding of facts as established by the evidence, in the nature of a special verdict.” The evidence is not sent up. This finding is conclusive unless impeached for some error in law appearing in the record. Here in effect the error complained of is, that the court refused to state the items of its account of damages. This we have not required, and while, under the practice we have established, liberal provision should be made for review of questions of law, it seems to us that in this case the claim of the United States goes beyond anything we ought to grant. The court might with propriety have been asked to state in a finding whether a particular item of claim or damage was included in its estimate, and, if so, what amount. To such a finding exception might in proper form be taken, and then we could be called upon to decide whether such an item was legally the subject of compensation in an action for damages. The United States can be required to make compensation to a contractor for damages which he has actually sustained by their default in the performance of their undertakings to him, but this is the extent of their liability in the Court of Claims. More than compensation for damages actually sustained can never be awarded against the United States.
In this case the United States asked the court to find (1) the amount of damage done to the building on account of exposure to the winter storms in its unfinished condition; (2) the amount resulting from the retention of the skilled labor, &c.; and (3) the *129 deterioration in the value of materials. All these were legitimate subject's of inquiry by the court in making up its final estimate, but we know of no rule of law or practice which requires a court or jury to itemize the elements of the calculation by which it arrives at its final result. In this case the court was not asked to say whether it included this or that supposed element of compensation in its judgment, but the only effort seems to have been to ascertain the items of calculation so as to determine whether the proof supported them. The whole contest evidently was as to the sufficiency of the evidence, not as to the liability of the,United States if the facts as claimed were established by the proof.
In the estimation of damages the Court of Claims occupies the position of a jury under like circumstances. Damages must be proven. The court is not permitted to guess any more than a jury, but like a jury it must make its estimates from the proofs submitted. The result of the best judgment of the triers is all that the parties have any right to expect.
As the record presents the case, we see no error in the court below. The judgment is, therefore, affirmed.